UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

KEVIN SMITH,

                    Plaintiff,

  - against --

THE CITY OF NEW YORK and POLICE
OFFICERS JOHN DOES 1-6 in their individual
and official capacities as Police Officers employed
by the City of New York,

                    Defendants.

-----------------------------------------------------------X

10 CV 8526

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

    Plaintiff, by his attorney, ANDREW F. PLASSE, P.C., as and for his Complaint, hereby alleges and shows to the Court the following:

    1. Plaintiff Kevin Smith hereby brings this action against the City of New York, and Police Officers John Does 1-6 in their individual and official capacities as Police Officers employed by the City of New York for damages arising out of unconstitutional policies and actions arising out of an alleged excessive use of force incident which occurred on July 27, 2010.

    2. Plaintiff brings this action against the defendants to redress the deprivation of rights secured to him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, the parallel rights of the New York State Constitution, and 42 U.S.C Section 1983.

    3. At the time of the incident herein, plaintiff was a resident of 85 Kingston Ave., Brooklyn, NY 11213. Each defendant is a citizen of the State of New York. The

amount in controversy exceeds the sum of Fifty Thousand [$50,000.00] Dollars, exclusive of interest and costs.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1331, 1332, and 1343(a) (3) and 42 U.S.C. Section 1983.

5. Venue is proper in this District pursuant to 28 U.S.C. Section 1381.

6. At all times hereinafter mentioned the defendants Police Officers John Does 1-6 were employed as New York City Police Officers and acted under color of state law or a statute, ordinance, regulation or custom. The designation John Does 1-6 indicates that the full names of four Police Officers are unknown. Plaintiff intends to discover the identities and full names of each Police Officer.

7. Upon information and belief, defendant City of New York was and now is, a municipal corporation, existing under and incorporated under the laws of the State of New York, with its principal place of business located at the Municipal Building, One Centre Street, New York, NY 10007.

8. That upon information and belief, the City of New York owned, operated, controlled and maintained the New York City Department of Corrections by charter, or by law, under provisions of the State and/or City of New York

9. That heretofore, the Plaintiff caused a Notice of claim in writing, sworn to by and on behalf of the Plaintiff, to be duly served upon the defendant City of New York by delivering a copy thereof to the Office of the Corporation Counsel of the City of New York, which said Notice of claim set forth the name and post office address of the plaintiff, the nature of the claim, the time when, the place where and the manner in which said claim arose and the items of damages or injuries claimed to have been sustained so

far as then practicable; that the plaintiff appeared at a statutory 50-h hearing on November 8, 2010, and that this action is being commenced within one year after the happening of the event upon which this claim is based.

## STATEMENT OF FACTS

10. On July 25, 2010, at approximately 5:00 pm., plaintiff was in the area of Aqueduct Park, between University Ave. and Grand Ave., Bronx, New York.

11. At the aforesaid date, time and place, plaintiff was approached by New York City Police Officers John Does 1-6.

12. Plaintiff was told that he was under arrest for a Petit Larceny Charge.

13. Plaintiff was fully cooperative with the Police. Plaintiff put his arms behind his back and put in handcuffs by Police Officer John Doe 1.

14. The handcuffs were placed extremely tight on the plaintiff.

15. Plaintiff asked if the Police could loosen the handcuffs since they were cutting his wrists.

16. In response, Police Officer John Doe 2 hit the plaintiff in his mouth.

17. Plaintiff was then knocked down to the ground by Police Officers John Does 1, 2, 3, & 4, and hit repeatedly all over his body.

18. One of the Police Officers took out a baton and struck plaintiff in his left ankle.

19. As a result of being struck with the baton, plaintiff sustained a comminuted left fibula fracture.

20. Plaintiff was taken to a precinct. At the precinct, paramedics arrived and examined the plaintiff. They took him from the Precinct to North Central Hospital.

21. North Central Hospital was unable to treat the plaintiff since it did not have an orthopedist available. The Plaintiff was returned to the precinct.

22. Plaintiff was then taken to Jacobi Hospital where he remained for approximately two days, during which time, plaintiff remained handcuffed.

23. On July 27, 2010, at approximately 6:00 p.m., Plaintiff left Jacobi Hospital.

24. Plaintiff's doctor ordered that he wear a soft cast.

25. The Police escorts, Police Officers John Does 5 & 6, taking plaintiff from Jacobi Hospital to the precinct told plaintiff to take off his cast and walk without it, causing the plaintiff to sustain severe pain and suffering.

26. Police Officers John Does 5 & 6 escorting plaintiff did not allow plaintiff to use a cane.

27. Police Officers John Does 5 & 6 escorting the plaintiff, despite knowing that he had a fracture and needed a cast or other device to walk, made plaintiff walk through the parking lot to where they were parked, far away from a pick up location, that was used by other patients.

## PLAINTIFF'S CLAIM.

28. Upon information and belief, Police Officers John Does 1-6, acted with actual malice toward the plaintiff and with willful and wanton indifference and deliberate disregard for the statutory and constitutional rights of the plaintiff

29. Upon information and belief, the actions taken as aforesaid by Police Officers John Does 1-6 constituted excessive use of force, failure to provide adequate medical care, and deprivation of liberty without due process of law.

30. Upon information and belief, the conduct of defendants Police Officers John Does 1-6, violated the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS POLICE OFFICERS JOHN DOES 1-6, JOINTLY AND SEVERALLY, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-30" AND FURTHER ALLEGES AS FOLLOWS:**

31. Upon information and belief, the actions taken as aforesaid by Police Officers John Does 1-6, constituted excessive force, denial of prompt medical care, in violation of the Fourth and Eighth Amendments and a deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments.

32. Upon information and belief, Police Officers John Does 1-6, acted with actual malice toward the Plaintiff and with willful and wanton indifference and deliberate disregard for the statutory and constitutional rights of the plaintiff.

33. Solely by reason of the above, the plaintiff sustained severe personal injuries, was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has been and continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

34. That by virtue of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION [$5,000,000.00] DOLLARS.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-30" AND FURTHER ALLEGES AS FOLLOWS:**

35. Upon information and belief, the actions taken as aforesaid by Police Officers John Does 1-6, constituted excessive force, denial of prompt medical care, and deprivation of liberty without due process of law.

36. Upon information and belief, at all times pertinent hereto, New York City permitted and tolerated a pattern and practice of excessive force, denial of prompt medical treatment, and deprivations of liberty without due process of law by Police Officers of the City of New York.

37. Upon information and belief, the City of New York has maintained a system of review of Police Officer conduct which is so untimely and cursory as to be ineffective and which permits and tolerates the excessive force, and deprivations of liberty without due process of law by Police Officers.

38. At all times pertinent hereto, Police Officers John Does 1-6, were acting within the scope of their employment and pursuant to the aforementioned policies and practices of the City of New York. These policies and practices which were enforced by Defendant City of New York were the moving force, proximate cause, and/or the affirmative link behind the conduct causing the plaintiff's injuries.

39. The City of New York is therefore liable for the violations of Plaintiff's constitutional rights by Police Officers John Does 1-6.

40. That by virtue of the foregoing, Plaintiff has been damaged in the amount of FIVE MILLION [$5,000,000.00] DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-30" AND FURTHER ALLEGES AS FOLLOWS:

41. That the employees of the defendant as aforesaid, jointly and severally assaulted and battered the plaintiff causing him to sustain severe personal injuries.

42. That by virtue of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-30" AND FURTHER ALLEGES AS FOLLOWS:

43. New York City owed a duty to Plaintiff to hire, train and supervise and otherwise control its Police Officers in the proper methods of use of force incidental to this matter, and in the course of their Policing functions. New York City failed to provide adequate training, supervision and control for the Police Officers involved herein, and said failure constitutes negligence.

44. As a proximate result of the City of New York's negligence to provide adequate training, supervision and control of the Police Officers involved herein, Plaintiff has sustained personal injuries.

45. That by virtue of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

**WHEREFORE,** Plaintiff demands Judgment as follows:

I. Judgment on the First Cause of Action against defendants Police Officers John Does 1-6 in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

II. Judgment on the First Cause of Action against the City of New York in the amount of FIVE MILLION ($5,000,000.00) DOLLARS;

III. Judgment on the Second Cause of Action against the City of New York in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

IV. Judgment on the Third Cause of Action against the City of New York in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

V. Judgment for Punitive Damages against defendants Police Officers John Does 1-6 in the amount of FIVE MILLION [$5,000,000.00] DOLLARS;

VI. Together with the costs and disbursements of this action, for reasonable attorney's fees under the applicable Federal Statutes, and for such other and further relief as to this Court seems just and proper.

DATED:   November 9, 2010
         New York, New York

ANDREW F. PLASSE, P.C.
BY: ANDREW F. PLASSE
Bar Roll No.: AP-3679
Attorney for the Plaintiff
Office and P.O. Address
352 7th Avenue, Suite 1242
New York, NY 10001
[212] 695-5811

**DEMAND FOR JURY TRIAL IS HEREBY MADE
PURSUANT TO RULE 38 OF THE FEDERAL
RULES OF CIVIL PROCEDURE**

ANDREW F. PLASSE, P.C.
BY: ANDREW F. PLASSE
Bar Roll No.: AP-3679
Attorney for the Plaintiff
Office and P.O. Address
352 7th Avenue, Suite 1242
New York, NY 10001
[212] 695-5811

Index No.:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------

KEVIN SMITH,

                                                     Plaintiff,

    - against –

THE CITY OF NEW YORK, and POLICE
OFFICERS JOHN DOES 1-6 in their individual
and official capacities as Police Officers employed
by the City of New York,

                                                     Defendants

-----------------------------------------------------------------------

## COMPLAINT

**ANDREW F. PLASSE, P.C.**
Attorney for the Plaintiff
Office and P.O. Address
352 Seventh Ave., Suite 1242
New York, NY 10001
[212] 695-5811
FAX: [212] 402-7737